# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | | |
|---|---|---|
| KELLY CHAMBERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 08-cv-1306 |
| | ) | |
| DENNY SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

Before the Court is a Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Petitioner, Kelly Chambers, on December 3, 2008 (Doc. 3). On December 18, 2008, Respondent filed a Response to the Petition (Doc. 6). For the reasons that follow, the Petition is DISMISSED WITHOUT PREJUDICE.

### BACKGROUND

Petitioner, Kelly L. Chambers, is currently incarcerated at the Federal Prison Camp in Pekin, Illinois (FPC Pekin). She is serving a 144-month term of imprisonment after being convicted in the United States District Court for the Central District of Illinois of conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Petitioner has an anticipated release date of December 1, 2013, via good conduct time release. (Doc. 6).

### DISCUSSION

Petitioner raises the following claims in this action: (1) Respondent has failed to interview her in a timely manner for participation in the Residential Drug Abuse

Program (RDAP); (2) FPC Pekin has a practice of untimely determining the length of Residential Re-Entry Center (RRC) placement for RDAP graduates; and (3) Notwithstanding Bureau of Prison (BOP) Program Statement 5162.04, Respondent should not be permitted to deny Petitioner a one-year reduction in sentence under 18 U.S.C. § 3621(e)(2)(B) upon successful completion of RDAP.

The Court has jurisdiction to issue the writ of habeas corpus under 28 U.S.C. § 2241 only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States. Samirah v. O'Connell, 335 F.3d 545, 549 (7th Cir. 2003). The exhaustion of administrative remedies is a prerequisite for habeas relief under § 2241. Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). The Bureau of Prison's administrative remedial framework is outlined in 28 C.F.R. § 542.10 et seq.

After reviewing the record in this action, the Court is not satisfied that Petitioner has exhausted administrative remedies as to her claims regarding the timing of consideration for RDAP and RRC placement. Therefore, Claims 1 and 2 are dismissed without prejudice.

Petitioner's challenge to her potential exclusion from a one-year reduction in sentence under 18 U.S.C. § 3621(e)(2)(B) is not ripe for review. Under § 3621(e)(2)(B), a prisoner convicted of a nonviolent offense becomes eligible for the discretionary one-year sentence reduction only after successfully completing a treatment program. The record in this case indicates that Petitioner has not completed RDAP and is not enrolled in the program. Petitioner has not yet been

determined eligible to participate in RDAP.[1]  (Appx. to Resp. at p. 19, 21).  The issue to be decided here is, therefore, based on a hypothetical situation: that Petitioner will be admitted into and will participate in RDAP.  Under the doctrine of ripeness, courts avoid deciding hypothetical questions.  Texas v. United States, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (internal quotation omitted).  The Court sees no good reason to deviate from the doctrine here.  Accordingly, Claim 3 is dismissed without prejudice.[2]

## CONCLUSION

For the foregoing reasons, the Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 3) is DISMISSED WITHOUT PREJUDICE.

CASE TERMINATED.

ENTERED this 11th day of August, 2009.

                                                               s/ Joe B. McDade
                                                              JOE BILLY McDADE
                                                           United States District Judge

---

[1] The requirements for admission into RDAP are set out in 28 C.F.R. § 550.53(b).

[2] Petitioner broadly challenges BOP Program Statement 5162.04 as a violation of the Administrative Procedures Act.  (Pet. ¶ 18).  Under the circumstances, it would not be appropriate for the Court to abstractly address the APA issue here in this action for habeas relief.  See Richmond v. Scibana, 387 F.3d 602, 605-06 (7th Cir. 2004).